992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donna M. ABREU, Eddie Deochoa, Defendants-Appellant.
 Nos. 92-3277, 92-3278 and 92-3380.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1993.
 
 Before SILER and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants, Eddie DeOchoa and Donna M. Abreu, were indicted for: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 ("Count One"); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and (3) possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Pursuant to separate written plea agreements, Abreu and DeOchoa entered guilty pleas to Count One on November 6, 1991. The United States Probation Office prepared a Presentence Report in which $16,514.93, seized at the time of DeOchoa's arrest, was converted into 500 grams of cocaine for purposes of calculation of relevant conduct under the United States Sentencing Guidelines ("Guidelines"). The sentencing court rejected defendants' objections to the Presentence Report calculations. Abreu was sentenced to 78 months imprisonment, followed by five years of supervised release. The sentencing court then granted the government's "Request to Correct Sentence," and changed Abreu's sentence to 63 months imprisonment. DeOchoa was sentenced to 90 months imprisonment, followed by five years supervised release. For the following reasons, we AFFIRM the district court's sentences.
 
 I.
 
 2
 In March, 1991, a photo-developing store employee informed the Columbus, Ohio, Police Division's Narcotics Bureau that he had photographs showing DeOchoa and Abreu engaging in drug-related activities. Based on the photographs and other information found though the informant, Detective Craig Lee found that Abreu and DeOchoa had been renting a room at a Columbus motel. Lee subsequently determined that the room was listed in Abreu's name.
 
 
 3
 Relying on the information, the Columbus police set up surveillance at the motel and Germain Hyundai, a car dealership where Abreu had left her car to be repaired. On March 28, 1991, Abreu and three other persons arrived to pick up her vehicle. The police then followed Abreu back to the motel. Meanwhile, DeOchoa was arrested for traffic violations when he arrived in the motel parking lot. During a post-arrest search of DeOchoa's person and truck, the police found $978.00 on DeOchoa's person and $15,520.00 in a purse containing Abreu's identification. After DeOchoa's arrest, Abreu and the others went to a gas station across the street from the motel. They were subsequently arrested. Then, the police executed a search warrant for the motel room. During the search, they discovered 470.6 grams of cocaine powder, 15 grams of cocaine base, and various items associated with illegal drug activity.
 
 
 4
 In the Presentence Report, the probation officer converted the money seized into a "cocaine equivalent" of 500 grams of cocaine. DeOchoa offered evidence that he had received $17,000 as gifts from family members. DeOchoa objected to the conversion, but the sentencing court followed the Presentence Report's recommendation with some exceptions.
 
 II.
 
 5
 All relevant conduct must be considered in determining a defendant's total base offense level. U.S.S.G. § 1B1.3(a)(1); see United States v. Ykema, 887 F.2d 697 (6th Cir.1989), cert. denied, 493 U.S. 1062 (1990). This includes acts and omissions committed during the offense of conviction, in preparation for the offense, or that otherwise related to the convicted offense. U.S.S.G. § 1B1.3(a)(1). The government has the burden of establishing, by a preponderance of the evidence, that certain conduct is "relevant conduct" to be used in sentence calculations. United States v. Robison, 904 F.2d 365, 370 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990). Under the Guidelines, the sentencing court's findings of fact regarding relevant conduct are reviewed using a "clearly erroneous" standard. Id.; 18 U.S.C. § 3742(d).
 
 
 6
 "Where there is not a drug seizure or the amount does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.4, Comment 2. This section has been interpreted as implicitly allowing for the conversion of certain evidence into the "cocaine equivalent" when determining relevant conduct for sentence calculations. See United States v. Cagle, 922 F.2d 404 (7th Cir.1991) (ledger figures converted to drug quantities); United States v. McKeever, 906 F.2d 129 (5th Cir.1990), cert. denied, 111 S.Ct. 790 (1991) (capacity of narcotics lab converted to drug quantity); United States v. Gerante, 891 F.2d 364 (1st Cir.1989) (conversion of cash found in defendant's apartment into drug quantity equivalent). This circuit has not addressed the conversion of controlled substance or cash seized into drug quantities, but has recognized that an attempt to possess 500 grams of cocaine was part of the "same course of conduct or common scheme or plan" of a defendant's actual possession and, therefore, is relevant conduct. See United States v. Davern, 970 F.2d 1490, 1494 (6th Cir.1992), cert. denied, 1992 WL 331556, 61 U.S.L.W. 3582 (1993). Therefore, where the possession of money is conduct relevant to the crime charged, the money may be converted to an appropriate quantity of the controlled substance involved. Although there was no direct proof that the money was illegally derived, the amount of the money, its packaging in plastic wrap, and the testimony regarding defendants' recent drug transactions support the connection between the money and the illegal drug activity. As the district court's determination was not clearly erroneous, we find defendants' sentences were properly calculated.
 
 IV.
 
 7
 Abreu further contends that the sentencing court abdicated its factfinding responsibility to the probation officer in violation of the separation of powers doctrine. At the sentencing hearing, testimony and affidavits were presented regarding the source of the money seized from DeOchoa at the time of his arrest. While the evidence was contradictory, the sentencing court accepted the Presentence Report's conclusions and recommendations for the conversion of the money to its cocaine equivalent for sentencing purposes. However, the sentencing court did not accept all recommendations made in the Presentence Report. In fact, the court granted all but two of Abreu's objections to the recommended sentencing range. This action by the court conclusively demonstrates that it made the final decision regarding the computation of the defendant's base offense level and did not abandon its factfinding responsibilities, though a failure to support defendants' objections would not be proof of any dereliction by the district court. See United States v. Woods, 907 F.2d 1540, 1543-44 (5th Cir.1990), cert. denied, 111 S.Ct. 792 (1991).
 
 V.
 
 8
 For the foregoing reasons, we AFFIRM the district court's sentences.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation